IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

Brooklyn Lonker,

        Plaintiffs,

v.                                              Case No. 16-2097-JWL

Darren Chambers,
in his individual capacity and
in his official capacity as Sumner County Sheriff,

        Defendants.

## MEMORANDUM & ORDER

     Plaintiff Brooklyn Lonker asserts claims against defendant Sheriff Darren Chambers under 42 U.S.C. § 1983, alleging that former Deputy Sheriff Jared Lyden violated her rights under the First and Fourth Amendments of the United States Constitution after she was detained and handcuffed in a patrol car following a traffic stop. Plaintiff further alleges that defendant knew that Jared Lyden frequently violated the constitutional rights of citizens during routine traffic stops and that, by continuing to employ Jared Lyden despite this knowledge, defendant deliberately disregarded the risk that Jared Lyden posed to citizens' constitutional rights. Defendant has filed a motion for summary judgment on plaintiff's claims. This matter is presently before the court on plaintiff's motion to strike certain confidentiality designations and to unseal a document that defendant filed under seal in connection with his motion. As will be explained, the motion is granted in part and denied in part.

*Motion to Strike Confidentiality Designations*

During the discovery process, defendant produced certain documents under a confidentiality designation pursuant to the protective order entered in the case.  Plaintiff seeks to strike that designation with respect to 3 specific documents on the grounds that she intends to submit those documents in response to defendant's motion for summary judgment and to reference those documents freely in her responsive brief.  She expressly opposes the option of filing those documents or her brief under seal to protect the purported confidentiality of the documents.  Because defendant has failed to articulate any persuasive reason to maintain the confidentiality of the documents, the court grants the motion to strike.

The protective order entered in this case sets forth a specific procedure to challenge a confidentiality designation.  Pursuant to the procedure described in the order, "the burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality."  *See* Doc. 30 ¶ 8.  Plaintiff challenges the designation with respect to the September 14, 2014 Notice of Internal Investigation concerning Jared Lyden (Bates SCSD 000142); Jared Lyden's September 23, 2014 resignation letter (Bates SCSD 000143); and a November 17, 2014 KS-CPOST Notice of Termination or Status Change concerning Jared Lyden (Bates SCSD 000035-000037).  Each of these documents was maintained by the Sheriff's Department in Jared Lyden's personnel file.  Plaintiff moves to strike the confidentiality designations on the grounds that the documents are not truly confidential and because defendant, in any event, has waived any interest in confidentiality by referencing the substance of the documents in his summary judgment motion or in deposition testimony submitted with the

2

motion. In response, defendant contends only that the documents are "irrelevant" and that the public has no interest in viewing irrelevant documents from the personnel file of a non-party.[1]

Defendant has not met his burden of proving the necessity of a confidentiality designation. On their face, the documents appear at least arguably relevant to plaintiff's claim that defendant knew or should have known that Jared Lyden unreasonably detained citizens during routine traffic stops and used coercion to obtain consent to search. While defendant highlights that the documents are dated months after the stop at issue in this case, the court cannot conclude on that basis alone that the documents have "no connection" to plaintiff's claim against defendant Chambers. Indeed, the documents may support an inference, when viewed in the context of other evidence, that defendant had knowledge of Jared Lyden's conduct at the time of the stop in this case; that defendant failed to train and/or supervise Jared Lyden; and/or that defendant was deliberately indifferent to the risk allegedly posed by Jared Lyden.

Finally, the court notes that there is nothing in the substance of the KS-CPOST notice or Jared Lyden's resignation letter that could conceivably be construed as embarrassing to Jared Lyden. While the Notification of Internal Investigation arguably contains statements that might be embarrassing to Mr. Lyden, the substance of that Notification was discussed in defendant's deposition (including specific reference to "strong indications that [Jared Lyden] violated the rights of citizens within this county" during vehicle stops), which defendant himself submitted with his motion for summary judgment. Any argument regarding confidentiality with respect to this document, then, has been waived.

---

[1] Defendant also suggests that the KS-CPOST notice is confidential by statute. Nothing in the statue cited by defendant supports that argument. *See* K.S.A. § 74-5611a.

3

*Motion to Unseal March 2012 Mental Health Report (Doc. 85)*

In his motion for summary judgment, defendant Chambers states that he arranged for Jared Lyden to consult with the Sumner Mental Health Center in March 2012 because the county did not have an employee assistance program and Mr. Lyden indicated that he was having "problems in his life at home, off the job." Defendant Chambers further states in his motion that he received and read the report from the consultation and he sets forth in his motion the initial and final job-related recommendations from that consultation. The actual report from the consultation, however, was filed under seal with permission from the court. Plaintiff now seeks to unseal the report. According to plaintiff, the report should be unsealed because defendant has "quoted liberally" from it such that he has waived any claim of confidentiality; because the report is not protected by the physician/patient privilege; and because the report contains information that will be "critical" to the court's ruling on summary judgment such that the public has a compelling interest in access to it. For the reasons set forth below, this aspect of plaintiff's motion is denied subject to refiling if appropriate after the resolution of the motion for summary judgment.

Courts, including the Tenth Circuit, have long recognized a common-law right of access to judicial records. *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir.2007) (citations omitted). The right of access to judicial records is not absolute and the presumption of access "can be rebutted if countervailing interests heavily outweigh the public interests in access." *Id*. The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption. *Id*. Without question, documents submitted by parties for the court's consideration in connection with a summary judgment motion constitute "judicial

4

records" to which a strong presumption of public access attaches. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 122–23 (2d Cir. 2006) (collecting cases and suggesting that the presumption of access is at its highest in connection with summary judgment motions).

The four-page Sumner Mental Health Center consultation report unquestionably contains information of a highly private nature concerning Jared Lyden. Much of that information (particularly the detailed portion labelled "Relevant Background History"), at least at this juncture, appears to have no bearing on Mr. Lyden's work as a Deputy in the Sheriff's Department or plaintiff's claims in this case.[2] Moreover, the rationale underlying the public's right to access is to allow the public an opportunity to assess the correctness of the judge's decision. *Id.* at 123. It may be that the court concludes that plaintiff survives summary judgment regardless of the document, in which case the need for public access to the document would be largely nonexistent. For these reasons, the court believes that the appropriate approach is to maintain the document under seal and then re-evaluate that decision—at plaintiff's request—after the ruling on the summary judgment motion. Stated another way, the court concludes at this juncture that defendant's articulated interest in confidentiality outweighs the public's right of access to the sealed mental health report. Plaintiff, of course, remains to free to rely on the document in her response to the motion for summary judgment. She may discuss those portions to which defendant Chambers has waived confidentiality (the "Initial Recommendations" and "Final Recommendations" portions of the report) without redacting

---

[2] While defendant references certain portions of the report, he does not reference any information in the Background History portion of the report. The court, then, cannot conclude that defendant has waived a claim of confidentiality with respect to that portion of the report.

those portions of her argument. To the extent, however, that she relies on any other portion of the report, she must redact that portion of her brief.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's motion to strike certain confidentiality designations and to unseal document 85 (doc. 86) is granted in part and denied in part. The motion to strike is granted and the motion to unseal is denied without prejudice.

**IT IS SO ORDERED.**

Dated this 31st day of March, 2017, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
